BOLIN, Judge.
From a judgment rejecting plaintiff’s demands for the principal sum of $1295 allegedly due under two written instruments, he appeals.
Plaintiff had a franchise as the exclusive Louisiana dealer for a product known as “Fuel Activator.” Defendant was in turn granted a like franchise from plaintiff for Caddo Parish. Contemporaneously with defendant securing his franchise both parties signed two instruments, separately styled “Franchise Agreement” and “Purchase Order”, the pertinent portions of each providing:
“FRANCHISE AGREEMENT
* * * * * *
“Order received with this agreement for TOO cases 100 racks and _ gallons is hereby acknowledged with payment of $1290 in full on 50 cases, merchandise to be shipped freight prepaid other 50 cases to be paid for when delivered.”
*458 “PURCHASE ORDER
****** “SO cases to be delivered on arrival -$1295.00 and 50 cases to be delivered when needed. Balance on last 50 cases-$1295.00”
Defendant received and paid for the first fifty cases. Being unable to sell the product he never needed nor ordered the last fifty cases. Plaintiff tendered the shipment of the last fifty cases and upon defendant’s refusal to accept such tender, Parker instituted this action for the balance allegedly due under the franchise agreement and purchase order.
The judgment rejecting plaintiff’s demand is correct. We fail to see any ambiguity .in the two instruments in question. Conerly paid for fifty cases of Fuel Activator in advance and these cases were shipped to him prepaid. The additional cases were to be paid for “when delivered” under the Franchise Agreement. In order to ascertain time for delivery it is necessary to examine the purchase order which provides: “50 cases to be delivered on arrival and 50 cases when needed.” (Emphasis supplied.)
Mr. Conerly’s obligation insofar as the additional fifty (50) cases were concerned depended on a future and uncertain event and, therefore, was subject to a suspensive condition. The event has never taken place and under the following provisions of LSA-'C.C. Art, 2043, the obligation can not be executed:
“The obligation contracted on a sus-pensive condition, is that which depends, either on a future and uncertain event, or on an event which has actually taken place, without its being yet known to the parties.
“In the former case, the obligation can not be executed till after the event; in the latter, the obligation has its effect from the day on which it was contracted, but it can not be enforced until the event be known.”
During the trial below plaintiff was allowed to introduce parol evidence, subject to defendant’s objection, in order to explain alleged ambiguities in the written instrument regarding time of delivery. However, no evidence was introduced to show defendant had in fact “needed” the additional cases. It is clear from a review of all the testimony relative to the events occurring subsequent to the contract defendant never “needed” the additional fifty cases.
The judgment appealed from is affirmed at appellant’s costs.
Affirmed.